# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DANIELLE MARIE ATWOOD**, individually and on behalf of her minor child R.J.,<br><br>Plaintiff,<br><br>v.<br><br>**OREGON DEPARTMENT OF HUMAN SERVICES - Child Welfare, District 2 (Multnomah County Office)**; **MARISSA MOON**, District Manager, ODHS Child Welfare - District 2 (Multnomah County), in her individual and official capacities; **JESS CARDONE**, Social Services Specialist I, ODHS Child Welfare - District 2 (Multnomah County), in her individual and official capacities; **SAMUEL WALTER**, in his individual and official capacities as a supervisory employee of ODHS Child Welfare – District 2 (Multnomah County); and **DOES 1-10**, inclusive,<br><br>Defendants. | Case No. 3:25-cv-01957-IM<br><br>**OPINION AND ORDER GRANTING MOTION TO DISMISS** |

Danielle Marie Atwood, Portland, OR 97239. Pro Se.

PAGE 1 – OPINION AND ORDER GRANTING MOTION TO DISMISS

Sara Del Rubin, Assistant Attorney General, 100 SW Market Street, Portland, OR 97201. Attorney for Defendants.

**IMMERGUT, District Judge.**

Plaintiff Danielle Marie Atwood brings this action individually and on behalf of her minor child, R.J., against the Oregon Department of Human Services, Child Welfare Division, District 2 (Multnomah County Office) ("ODHS") and three of its employees: Marissa Moon, District Manager; Jess Cardone, Social Services Specialist I; and Samuel Walter, Child Welfare Supervisor (collectively "Defendants"). Plaintiff asserts a variety of claims related to a child custody case in Oregon state court.

All Defendants filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and under Rule 12(b)(6) for failure to state a claim. Defendants' Motion to Dismiss ("MTD"), ECF 11. Plaintiff filed a response in opposition ("Opp'n"), ECF 20, and Defendants filed a reply ("Reply"), ECF 21. For the reasons set forth below, Defendants' Motion to Dismiss is granted in full. Plaintiffs' First Amended Complaint ("FAC"), ECF 5, is dismissed with leave to amend within fourteen days of this Order.

## BACKGROUND[1]

Plaintiff brings various claims based on Defendants' actions in connection with a child welfare matter concerning R.J., Plaintiff's minor child. FAC, ECF 5 ¶¶ 1–2. On an unknown date, a child welfare investigation was initiated in Multnomah County after a 911 call reported abuse of an eight-year-old child. *Id.* ¶ 20. Defendant Cardone, a Child Protective Services caseworker at ODHS, responded to the call and conducted the initial investigation. *Id.* ¶¶ 16, 20.

---

[1] For purposes of evaluating the Motion to Dismiss, this Court takes the allegations of the First Amended Complaint, summarized here, as true.

PAGE 2 – OPINION AND ORDER GRANTING MOTION TO DISMISS

On March 5, 2025, an Oregon state court held a hearing concerning Plaintiff's minor child. *Id.* ¶¶ 20–21. There, "all parties agreed that there was no credible evidence supporting any allegation against [Plaintiff], while abuse allegations concerning the father remained under investigation." *Id.* Cardone testified that R.J. disclosed abuse from his father, experienced suicidal ideation, and displayed distressed behaviors. *Id.* ¶¶ 28–29. Cardone "did not claim that [Plaintiff] had coached [R.J.] or fabricated allegations." *Id.* ¶ 21. Sometime after that March 2025 hearing, Cardone conducted a house visit. *Id.* ¶ 21. During that visit, Cardone listened to audio of the March 2025 hearing and told Plaintiff she needed to speak with her supervisor. *Id.* ¶ 21. Between March 5 and October 1, 2025, Plaintiff alleges that Cardone "play[ed] cat and mouse games of avoidance through her non-availability, rescheduling with [Plaintiff] and coming up with excuses for cancelling appointments." *Id.* ¶ 22.

On October 1, 2025, the state court held another hearing. *Id.* Defendant Cardone testified that "there was no concern of abuse, characterized the disclosures as unsupported, and redirected attention toward [Plaintiff] as a possible source of 'mental injury.'" *Id.* ¶ 28. At this hearing, Cardone "reframe[d]" her testimony by "omitt[ing] any mention of suicidal ideation, showed no comparable alarm, and portrayed R.J. as emotionally stable and at no current clinical risk." *Id.* ¶ 29. Cardone "materially changed her testimony," "disregarding objective documentation and asserting that [Plaintiff] had coached [R.J.] to implicate the father falsely." *Id.* ¶ 22. The state court granted R.J.'s father sole custody and ordered that Plaintiff's parenting time be discontinued. Declaration of Sarah Del Rubin ("Del Rubin Decl."), ECF 12, Exs. 2–3. Plaintiff now challenges the state trial court's "adopt[ion of] the altered testimony while disregarding contemporaneous documentation and corroborating evidence" at this hearing. FAC, ECF 5 ¶ 73.

PAGE 3 – OPINION AND ORDER GRANTING MOTION TO DISMISS

Plaintiff alleges that Cardone's testimony "materially influenced the ensuing custody determination," was "intended to alter the evidentiary record," and was intended to "affect the custody outcome against [Plaintiff]." *Id.* ¶¶ 22, 36. In bringing this action, Plaintiff argues Defendants' conduct "warrants scrutiny of contemporaneous case notes, supervisory reviews, and the rationale for case closure." *Id.* ¶ 32. Plaintiff alleges that Cardone "knowingly manufactured or materially distorted evidence against" her and that Cardone's supervisor, Defendant Walter, "directed, encouraged, or ratified this misconduct." *Id.* ¶ 23. Plaintiff also broadly pleads that ODHS has a pattern of systemic misconduct. *Id.* ¶¶ 55–58.

Plaintiff now seeks damages and prospective relief. *Id.* at 28. Plaintiff brings the following claims: (1) a claim under 42 U.S.C. § 1983 for deliberate fabrication of evidence and knowingly false statements against Defendants Cardone and Walter, *id.* ¶¶ 82–87; (2) a claim under 42 U.S.C. § 1983 for interference with familial association against Cardone and Walter, *id.* ¶¶ 88–91; (3) a claim under 42 U.S.C. § 1983 for conspiracy to deprive civil rights against Cardone and Walter, *id.* ¶¶ 92–96; (4) a *Monell* claim against ODHS for failure to train or supervise, *id.* ¶¶ 97–101; (5) a claim under 42 U.S.C. § 1983 for prospective relief against all defendants, *id.* ¶¶ 102–04; (6) a defamation claim under Oregon law against Cardone, *id.* ¶¶ 105–10; (7) a claim for constructive fraud against Cardone and Walter, *id.* ¶¶ 111–14; and (8) a claim for civil conspiracy against Cardone and Walter, *id.* ¶¶ 115–18.

## STANDARDS

"Federal courts are courts of limited jurisdiction" and are presumed to lack jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party invoking federal jurisdiction thus bears the burden of establishing subject-matter jurisdiction. *Id.* Federal Rule of Civil Procedure 12(b)(1) provides that a defendant may move to dismiss based on lack of

subject-matter jurisdiction.[2] When a motion to dismiss attacks subject-matter jurisdiction on the face of the complaint, the court assumes the factual allegations in the complaint are true and draws all reasonable inferences in the plaintiff's favor. *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009). When a motion to dismiss attacks subject-matter jurisdiction by disputing the truth of the complaint's allegations, "the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss because a plaintiff "fail[s] to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Courts must "accept as true all well-pleaded allegations of material fact," *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010), and "examine the allegations of the complaint as a whole." *Khachatryan v. Blinken*, 4 F.4th 841, 854 (9th Cir. 2021). Courts cannot, however, credit legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[2] "A sovereign immunity defense is 'quasi-jurisdictional' in nature and may be raised in either a Rule 12(b)(1) or a 12(b)(6) motion." *Sato v. Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 927 n.2 (9th Cir. 2017).

PAGE 5 – OPINION AND ORDER GRANTING MOTION TO DISMISS

Plaintiff is self-represented, so this Court will construe her pleadings liberally and afford her the benefit of any doubt. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). This Court may not, however, supply essential elements of a claim that are not pled. *Pena v. Gardner*, 976 F.2d 469, 471–72 (9th Cir. 1992) (per curiam).

## DISCUSSION

This Court first takes judicial notice of the three documents that Defendants provide in support of their motion to dismiss. This Court then dismisses Plaintiff's claims on behalf of her minor child and against Defendant Moon. This Court addresses claims against ODHS and concludes ODHS is not a proper defendant under 42 U.S.C. § 1983 and is entitled to sovereign immunity under the Eleventh Amendment. Following, this Court addresses Plaintiff's individual claims against Defendants Cardone and Walter and finds that they are shielded by absolute testimonial immunity. This Court then addresses Plaintiff's claims for injunctive relief and holds that Plaintiff has not stated a claim for relief upon which this Court may act. Lastly, this Court addresses whether Plaintiff should be granted leave to amend and largely grants Plaintiff the opportunity to amend.

## A.  Judicial Notice

In support of their motion to dismiss, Defendants request that this Court take judicial notice of "[1] the court docket in Multnomah County Case No. 20DR08487, *Eric Jurgens v. Danielle Atwood*, [2] the Supplemental Judgment dated July 23, 2025, and [3] the November 3, 2025 court order in that case." MTD, ECF 11 at 3 n.2; *see* Del Rubin Decl., ECF 12. Plaintiff opposes Defendants' request for judicial notice. Opp'n, ECF 20 at 10–11.

Th rules of evidence allow for federal courts to take judicial notice of facts "not subject to reasonable dispute." Fed. R. Ev. 201(b). A fact is not subject to reasonable dispute if it "is generally known within the trial court's territorial jurisdiction" or "can be accurately and readily

PAGE 6 – OPINION AND ORDER GRANTING MOTION TO DISMISS

determined from sources whose accuracy cannot reasonably be questioned." *Id.* "The court . . .

*must* take judicial notice if a party requests it and the court is supplied with the necessary

information." Fed. R. Ev. 201(c)(2) (emphasis added). Federal courts "may take judicial notice

of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,

442 F.3d 741, 746 n.6 (9th Cir. 2006). Specifically, "[a] court 'may take notice of proceedings in

other courts, both within and without the federal judicial system, if those proceedings have a

direct relation to matters at issue.'" *Reyes v. Washburn*, No. 2:21-cv-01175-SB, 2025 WL

2462785, at *3 (D. Or. Aug. 26, 2025) (quoting *United States v. Aguilar*, 782 F.3d 1101, 1103

n.1 (9th Cir. 2015)).

Here, Defendants seek judicial notice of a state court docket, judgment, and court order,

all of which are public records. MTD, ECF 11 at 3 n.2. Defendants supplied this Court with the

necessary information by filing copies of these three records. *See* Del Rubin Decl., ECF 12.

Plaintiff does not contest the authenticity of the records. *See generally* Opp'n, ECF 20 at 10–11.

These state court records "direct[ly] relat[e] to matters at issue" because Plaintiffs' claims arise

from that family law proceeding in Oregon's state courts. *Reyes*, 2025 WL 2462785, at *3

(citation modified).

Plaintiff argues that Defendants' request "exceeds the permissible scope of judicial

notice." Opp'n, ECF 20 at 11. However, federal courts routinely take judicial notice of court

dockets, judgments, and orders like these to ascertain necessary context to resolve a motion. *See,*

*e.g., Mendocino Ry. v. Ainsworth*, 113 F.4th 1181, 1186 & n.2 (9th Cir. 2024) (taking judicial

notice of a state court docket); *Karas v. Cal. Dep't of Corr. & Rehab.*, No. 21-15905, 2023 WL

8889552, at *1 n.3 (9th Cir. Dec. 26, 2023) (taking judicial notice of various documents,

including prior state court orders and a judgment). These documents provide basic context for

PAGE 7 – OPINION AND ORDER GRANTING MOTION TO DISMISS

the state court case that gives rise to Plaintiff's claims. It is "not subject to reasonable dispute" that the documents are authentic records from a state court docket relevant to the claims at issue in this action. Fed. R. Ev. 201(b).

Defendants' request to take judicial notice is granted. This Court will take judicial notice of the documents supplied by Defendants when considering the Motion to Dismiss.

## B. Motion to Dismiss

### 1. Claims on Behalf of Minor Child, Against Defendant Moon

As a threshold matter, this Court dismisses any claims brought on behalf of Plaintiff's minor child as well as all claims Plaintiff brings against Defendant Moon.

#### a. Claims on Behalf of Plaintiff's Minor Child

Plaintiff cannot bring any claims on behalf of her minor child in this action. In her First Amended Complaint, Plaintiff purports to bring this action on behalf of her minor child while proceeding *pro se*. FAC, ECF 5 at 1 ("Danielle Marie Atwood, individually and on behalf of her minor child, R.J."). In moving to dismiss, Defendants raise that Plaintiff cannot seek to assert claims on behalf of her child *pro se*. MTD, ECF 11 at 3 n.3. In Plaintiff's response in opposition, she omits her child's initials from the caption. *See* ECF 20 at 1. In the Ninth Circuit, "a parent may not proceed *pro se* on her children's behalf." *Grizzell v. San Elijo Elementary Sch.*, 110 F.4th 1177, 1181 (9th Cir. 2024). Any claims Plaintiff still seeks to bring on behalf of her minor child are hereby dismissed.

#### b. Failure to State a Claim Against Defendant Moon

Next, Plaintiff does not state a claim against Defendant Moon. In their motion, Defendants argue that any claims against Defendant Moon should be dismissed under Rule 12(b)(6) because Plaintiff does not provide any factual allegations regarding Moon. MTD, ECF

PAGE 8 – OPINION AND ORDER GRANTING MOTION TO DISMISS

11 at 10. Throughout Plaintiff's operative complaint, Defendant Moon is only mentioned three times, in the caption, the certificate of service, and this paragraph:

> Defendant Marissa Moon was, at all relevant times, employed as the District Manager of ODHS Child Welfare – District 2, supervising local child-welfare operations, and was acting under color of state law. She is sued in her individual capacity for damages and in her official capacity for prospective declaratory and injunctive relief.

FAC, ECF 5 at 1, 6, 30. This is insufficient to state any claim for relief. While Plaintiff states facts about Defendant Moon in her response in opposition, ECF 20, none are included in the operative complaint. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." (emphasis omitted)). Any claims against Defendant Moon are hereby dismissed under Rule 12(b)(6).

### 2. Claims Against ODHS

Defendants argue that the ODHS, as a state agency, is not a proper defendant under 42 U.S.C. § 1983 and is entitled to sovereign immunity under the Eleventh Amendment. MTD, ECF 11 at 9–10. This Court addresses each argument in turn.

First, this Court agrees that ODHS is an improper defendant under Section 1983. Section 1983 applies only to "persons" and the U.S. Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) ("State agencies . . . are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute" (citation modified)). ODHS, as a state agency, is therefore not a proper defendant under Section 1983.

Second, ODHS is entitled to sovereign immunity. "The Eleventh Amendment bars citizens from bringing suits in federal court against a state for prospective relief or for money damages unless immunity is waived by the state or abrogated by the United States Congress." *Erwin v. Oregon ex rel. Kitzhaber*, 231 F. Supp. 2d 1003, 1007 (D. Or. 2001). This grant of "immunity extends not just to suits in which the state itself is a named party but also to those against an arm of the state." *Kohn v. State Bar of Cal.*, 87 F.4th 1021, 1026 (9th Cir. 2023) (citation modified). Here, Oregon has not waived its Eleventh Amendment immunity, *see* MTD, ECF 11 at 9, and "ODHS is a state agency to whom the Eleventh Amendment applies." *Shyrer v. Or. Dep't of Hum. Servs. Child Welfare*, No. 6:22-cv-01485-MK, 2023 WL 2241896, at *4 (D. Or. Feb. 27, 2023). Because ODHS is not subject to Section 1983 and is entitled to Eleventh Amendment immunity, Plaintiff's claims against it are dismissed.

### 3. Absolute Testimonial Immunity

Defendants argue Cardone and Walter are immune from liability because they are entitled to absolute testimonial immunity. MTD, ECF 11 at 8–9; Reply, ECF 21 at 4–5. Plaintiff brings a variety of claims against Defendants Cardone and Walter. FAC, ECF 5 ¶¶ 82–118. While framed as discrete claims for relief, including defamation and civil conspiracy, all of Plaintiff's factual allegations center on Cardone's testimony at a state court hearing.

Under the doctrine of absolute testimonial immunity, "witnesses, including government witnesses, are immune from liability for their testimony." *Meyers v. Contra Costa Cnty. Dep't of Soc. Servs.*, 812 F.2d 1154, 1156 (9th Cir. 1987). "[P]reparatory activities inextricably tied to testimony," including alleged conspiracies to testify falsely, are also immunized. *Lisker v. City of Los Angeles*, 780 F.3d 1237, 1241–42 (9th Cir. 2015) (citation modified). While conspiracies to testify falsely are immunized, certain "non-testimonial acts, such as tampering with documentary

or physical evidence or preventing witnesses from coming forward," are not covered by this doctrine. *Id.* at 1242 (citation modified).

All of Plaintiff's non-conclusory allegations center on how Defendant Cardone testified. Plaintiff claims that Defendant Cardone changed her testimony between the March and October 2025 hearings, FAC, ECF 5 ¶¶ 20–54, and that Defendant Walter "directed, encouraged, or ratified this misconduct," *id.* ¶ 23. Plaintiff alleges Defendant Cardone's testimony shifted due to a "coaching narrative," resulting in a deliberate fabrication of evidence, a falsification of investigatory records, and retaliatory conduct. *Id.* ¶¶ 24, 32, 34. However, as Defendants raise, the only allegations in the operative complaint relating to these concepts are facts about *Cardone's testimony*. *See* Reply, ECF 21 at 4. Plaintiff's broad statement that Cardone "knowingly manufactured or materially distorted evidence," FAC, ECF 5 ¶ 23, for example, is a mere "legal conclusion couched as a factual allegation" that cannot be accepted as true. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Plaintiff does not plead any facts that could plausibly fall under the umbrella of "non-testimonial acts," such as tampering with physical evidence, that would allow her claims to survive a motion to dismiss. *Lisker*, 780 F.3d at 1242. Plaintiff takes issue with Cardone's testimony in state court, and as a witness, Cardone is absolutely immune from claims arising from that conduct. While Defendant Walter did not testify, his supervisory role "direct[ing], encourag[ing], or ratif[ying]" how Cardone testified is textbook preparatory activity inextricably tied to Cardone's testimony. *See Cannon v. Polk Cnty. Dist. Atty.*, 501 F. App'x 611, 613 (9th Cir. 2012) ("[T]he preparation of testimony is immunized to the same extent as the presentation itself.").

PAGE 11 – OPINION AND ORDER GRANTING MOTION TO DISMISS

Because all of Plaintiff's factual allegations involve Cardone's testimony or activities inextricably tied to her testimony, this Court finds Defendants Cardone and Walter are entitled to absolute testimonial immunity from this suit.

### 4.   Plaintiff's Remaining Claims for Injunctive Relief

Plaintiff argues that she may assert claims for injunctive relief against Defendants directly or under *Ex parte Young*, 209 U.S. 123 (1908). *See* Opp'n, ECF 20 at 17. First, to the extent Plaintiff seeks to enjoin enforcement of the state court's child custody order, that relief is barred by the doctrine of equitable abstention. Second, to the extent Plaintiff seeks other injunctive relief, Plaintiff has not pled sufficient facts to articulate any cognizable claim for such relief.

### a.   Plaintiff's Remaining Claims for Injunctive Relief

This Court lacks jurisdiction to enjoin enforcement of the Oregon state court's orders in Plaintiff's child custody case under the doctrine of equitable abstention. Under this doctrine, "federal courts traditionally decline to exercise jurisdiction in domestic relations cases when the core issue involves the status of parent and child," even where constitutional issues are raised. *Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987). It is well-established that "[e]ven when a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters." *Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986).

Here, the exact injunctive relief sought is somewhat unclear, but Plaintiff appears to ask this Court to enjoin enforcement of a child custody decree.[3] The state court ordered that

---

[3] While in her response in opposition, Plaintiff asserts that she "seeks no relief that would stay, enjoin, or otherwise control the state court's custody proceedings," Opp'n, ECF 20 at 9, she has not sought to file a new operative complaint.

PAGE 12 – OPINION AND ORDER GRANTING MOTION TO DISMISS

Plaintiff's parenting time be discontinued and granted R.J.'s father sole custody. Del Rubin Decl., ECF 12, Exs. 2–3. Throughout the First Amended Complaint, Plaintiff alleges that the trial court incorrectly credited testimony and relied on misleading statements of ODHS employees. *See, e.g.,* FAC, ECF 5 ¶ 73 ("The trial court adopted the altered testimony while disregarding contemporaneous documentation and corroborating evidence."). Plaintiff asks that this Court "*enjoin enforcement of the challenged orders* pending an evidentiary hearing, to prevent further irreparable harm to the child and to preserve the status quo until the record can be fully developed." *Id.* ¶ 76 (emphasis added). The "challenged orders" here are the state court's orders in Plaintiff's custody case. *See* Del Rubin Decl., ECF 12, Exs. 2–3. As in *Coats*, "[t]his case, while raising constitutional issues, is at its core a child custody dispute," which this Court will not adjudicate. *Id.* at 237. Therefore, this Court declines to exercise jurisdiction over Plaintiff's effort to enjoin enforcement of the state court's orders in her child custody case.

### b. Other Injunctive Relief

While also difficult to discern, Plaintiff attempts to seek other forms of injunctive relief. In the operative complaint, Plaintiff seeks, in part, "an order [] enjoining the continued enforcement or reliance on fabricated or materially false evidence" and "requiring constitutionally adequate training, supervision, and oversight of agency personnel." FAC, ECF 5 ¶ 103. And in her Prayer for Relief, Plaintiff asks this Court to "[i]ssue preliminary and permanent injunctive relief requiring constitutionally adequate training, supervision, and oversight of agency personnel, and prohibiting reliance on fabricated or materially false evidence in child-welfare proceedings." *Id.* at 28. As discussed above, Plaintiff only pleads specific facts centering on Defendant Cardone's testimony. While Plaintiff broadly pleads that ODHS has a pattern of systemic misconduct, *id.* ¶¶ 55–58, *nowhere* in her operative complaint does she allege facts sufficient to sketch out a claim for any cognizable injunctive relief. This Court must

PAGE 13 – OPINION AND ORDER GRANTING MOTION TO DISMISS

be lenient to *pro se* filings, but Plaintiff has not supplied essential elements of her scattershot claims. *See Pena*, 976 F.2d at 471–72.[4] Therefore, this Court dismisses Plaintiff's claims for injunctive relief.

## C. Leave to Amend

Defendants ask this Court to dismiss this case with prejudice. MTD, ECF 11 at 7, 9. While Plaintiff appears unlikely to be able to state a claim for relief, this is the first motion to dismiss in this action. In the interest of leniency to self-represented litigants, the First Amended Complaint, ECF 5, is dismissed with leave to amend within fourteen days. *See Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) (dismissals for lack of jurisdiction should be without prejudice). If Plaintiff does not file an amended complaint within fourteen days of this Order, this action will be dismissed with prejudice.

To the extent Plaintiff seeks to enjoin enforcement of the state court's child custody order, that claim is dismissed with prejudice. Any amendment would be futile because, as described above, "federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters." *Thompson*, 798 F.2d at 1558.

## CONCLUSION

Defendants' Motion to Dismiss, ECF 11, is GRANTED. Plaintiff's FAC, ECF 5, is DISMISSED with leave to amend within fourteen days.

---

[4] While Plaintiff's claims may also be barred by the *Rooker-Feldman* doctrine, *see* MTD, ECF 6 at 6–7; *Younger* abstention, *see id.* at 7–8; and/or preclusion, this Court declines to address these issues at this time.

PAGE 14 – OPINION AND ORDER GRANTING MOTION TO DISMISS

**IT IS SO ORDERED.**

DATED this 10th day of April, 2026.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge