**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **DANIELLE MARIE ATWOOD**,<br><br>Plaintiff,<br><br>v.<br><br>**JESS CARDONE**, in her individual capacity; **SAMUEL WALTER**, in his individual capacity; and **DOES 1-10**, inclusive,<br><br>Defendants. | Case No. 3:25-cv-01957-IM<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Danielle Marie Atwood, Portland, OR 97215. Pro Se.

Eliot D. Thompson, Senior Assistant Attorney General, 100 SW Market Street, Portland, OR 97201. Attorney for Defendants.

**IMMERGUT, District Judge.**

Plaintiff Danielle Marie Atwood brings this action against Jess Cardone and Samuel Walter, two employees of the Oregon Department of Human Services, Child Welfare Division, based on their conduct during a child abuse investigation involving Plaintiff's minor child. Plaintiff alleges that Defendants violated her rights under the Fourteenth Amendment by

omitting facts concerning Plaintiff's minor child in later-prepared portions of the investigative record.

Previously, Defendants filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and under Rule 12(b)(6) for failure to state a claim, ECF 11. This Court dismissed the First Amended Complaint ("FAC"), ECF 5, with leave to amend within fourteen days. Plaintiff timely filed a Second Amended Complaint ("SAC"), ECF 30. Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim ("MTD"), ECF 35. Plaintiff filed a response in opposition ("Opp'n"), ECF 39, to which Defendants replied ("Reply"), ECF 40. For the reasons set forth below, this Court GRANTS Defendants' Motion to Dismiss and DISMISSES this action without leave to amend and with prejudice.

## BACKGROUND[1]

Plaintiff brings various claims based on Defendants' actions in connection with a child welfare investigation concerning R.J., Plaintiff's minor child. SAC, ECF 30 ¶¶ 1, 14, 29. On an unknown date, Plaintiff reported suspected abuse of her minor child by her child's father. *Id.* ¶ 19. Defendant Cardone initiated an investigation that included reviewing disclosures, recorded statements, and Plaintiff's child's "reported emotional condition." *Id.* During the investigation and before any judicial hearing, "the investigative record documented that the child disclosed abuse by [his] father, expressed fear and distress consistent with ongoing harm, and exhibited serious emotional indicators, including suicidal ideation." *Id.* ¶¶ 20, 26. Plaintiff's child "disclosed that his father withheld food, physically forced him into a car, caused him to fear

[1] For purposes of evaluating the Motion to Dismiss, this Court takes the well-pleaded allegations of the Second Amended Complaint, summarized here, as true.

being picked up from school, and mocked him." *Id.* ¶ 29. Cardone "initially documented that allegations against [Plaintiff's child's] father remained open and required further evaluation." *Id.* ¶ 21.

In materials prepared later in the investigation, Cardone stated there was no concern of abuse by R.J.'s father and attributed the child's emotional condition to Plaintiff. *Id.* ¶¶ 31, 57. Unspecified subsequent materials did not refer to Plaintiff's child's suicidal ideation and described the child as "emotionally stable." *Id.* ¶ 27. Plaintiff alleges this created a "misleading and incomplete investigative record." *Id.* ¶ 109. Plaintiff also labels this as a "reversal of previously documented findings" throughout her SAC. *Id.* ¶ 59; *see id.* ¶¶ 3, 22, 31, 37, 50, 53, 58, 76. Plaintiff broadly pleads that Cardone's supervisor, Defendant Walter, "had been informed of and approved this change in investigative trajectory." *Id.* ¶¶ 23, 94–99. Plaintiff pleads that "*the investigative record itself*, including internal reports, documented findings, and evaluative conclusions, form[s] the basis of [] constitutional violations." *Id.* ¶ 103 (emphasis added). Plaintiff alleges she was harmed by Defendants' conduct because "[the] investigative materials were relied upon by decision-makers in proceedings affecting Plaintiff's parental rights, including decisions that would not have been made in the absence of the altered and incomplete investigative record." *Id.* ¶ 108. The state court eventually granted R.J.'s father sole custody and ordered that Plaintiff's parenting time be discontinued. Declaration of Sara Del Rubin ("Del Rubin Decl."), ECF 12, Exs. 2–3.[2]

---

[2] This Court previously took judicial notice of three documents provided by Defendants: "[1] the court docket in Multnomah County Case No. 20DR08487, *Eric Jurgens v. Danielle Atwood*, [2] the Supplemental Judgment dated July 23, 2025, and [3] the November 3, 2025 court order in that case." Order, ECF 27 at 8 (discussing Declaration of Sara Del Rubin ("Del Rubin Decl."), ECF 12).

In her First Amended Complaint, Plaintiff brought claims against the Oregon Department of Human Services ("ODHS"), Child Welfare Division, District 2 (Multnomah County Office); Defendants Cardone and Walter; and another ODHS employee, Marissa Moon. FAC, ECF at 1. This Court dismissed all of Plaintiff's claims. Opinion and Order Granting Motion to Dismiss ("Order"), ECF 27. This Court found ODHS was entitled to sovereign immunity and the FAC did not state a claim against Defendant Moon. *Id.* at 8–10. Relevant here, this Court also found that Plaintiff's claims in her FAC against Defendants Cardone and Walter were barred by the doctrine of absolute testimonial immunity. *Id.* at 10–12 ("While framed as discrete claims for relief, including defamation and civil conspiracy, all of Plaintiff's factual allegations center[ed] on Cardone's testimony at a state court hearing."). This Court also denied all remaining claims for injunctive relief for want of jurisdiction. *See id.* at 12–14.

In her Second Amended Complaint, Plaintiff now only brings claims against Cardone and Walter in their individual capacities. Plaintiff seeks damages and prospective relief. *Id.* at 23. Plaintiff brings claims for "deliberate fabrication of evidence," "interference with familial association," and "judicial deception" under the Fourteenth Amendment. *Id.* at 19–23.

## STANDARDS

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss because a plaintiff "fail[s] to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Courts must "accept as true all well-pleaded allegations of material fact," *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d

992, 998 (9th Cir. 2010), and "examine the allegations of the complaint as a whole." *Khachatryan v. Blinken*, 4 F.4th 841, 854 (9th Cir. 2021). Courts cannot, however, credit legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff is self-represented, so this Court will construe her pleadings liberally and afford her the benefit of any doubt. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). This Court may not, however, supply essential elements of a claim that are not pled. *Pena v. Gardner*, 976 F.2d 469, 471–72 (9th Cir. 1992) (per curiam).

**DISCUSSION**

Plaintiff's well-pleaded allegations are that there are omissions in an investigative record involving her minor child. As alleged, a child abuse investigation concerning Plaintiff's minor child was initiated, Defendants documented various facts, and the record of the investigation included allegations that Plaintiff's child expressed fear, emotional disturbances, and suicidal ideation associated with his father. SAC, ECF 30 ¶¶ 19, 20, 29. Some later-in-time documents in the same investigation omitted that information. *Id.* ¶¶ 27, 31, 108. At a later juncture, Cardone attributed the child's emotional state to Plaintiff. *Id.* ¶ 31. Plaintiff labels Cardone's allegations as "fabrication[s]" and a "distortion of [the i]nvestigative [r]ecord," *id.* at 8, but Plaintiff never identifies *what the fabrications are*. And to survive a motion to dismiss, Plaintiff needed to allege facts about what Defendants did in order to state a cognizable claim for relief, not simply "labels and conclusions." *Iqbal*, 556 U.S. at 678 (citation omitted).

It is unclear how, under any legal theory, a caseworker documenting a fact in one place in a confidential[3] record, but not in another place, can form the basis of a constitutional violation.

[3] In Oregon, child welfare investigative records are generally protected from disclosure under state law. *See* O.R.S. 419B.035. Plaintiff does not allege that Cardone or Walter unlawfully disclosed any investigative records. *See generally* SAC, ECF 30.

There is no allegation that Defendants or ODHS issued a finding of abuse against Plaintiff. *See generally* SAC, ECF 30. ODHS does make formal findings of child abuse, and those findings may be challenged administratively and in state court. MTD, ECF 35 at 3 (citations omitted). All that Plaintiff labels as "findings" in her SAC are different documented facts about Plaintiff's child at different stages of a child welfare investigation. Plaintiff fails to provide any authority that a caseworker omitting a fact in one part of a child welfare investigative record that is present in earlier documentation creates a constitutional violation.

Another independent and fatal defect in Plaintiff's SAC is that she fails to adequately plead causation from the investigative record to any constitutional injury. Plaintiff alleges she was injured by "the investigative record itself, including internal reports, documented findings, and evaluative conclusions." SAC, ECF 30 ¶ 103; *see* Opp'n, ECF 39 at 14 ("The alleged constitutional injury was complete before judicial proceedings." (citation modified)). But, Plaintiff fails to identify any authority (persuasive or otherwise) to suggest that a confidential investigative record, absent more, can constitute a constitutional injury. Indeed, Plaintiff's cited cases, *Devereaux v. Abbey*, 263 F.3d 1070 (9th Cir. 2001) and *Beltran v. Santa Clara Cnty.*, 514 F.3d 906 (9th Cir. 2008), concerned the government using a fraudulent investigation as the basis for some other action. *See, e.g., Devereaux*, 263 F.3d at 1073 (criminal proceedings); *Beltran*, 514 F.3d at 908 (dependency proceedings). Thus, no cited authority supports the proposition that a confidential investigative record alone is a constitutional injury.

Shifting gears, Plaintiff seeks to rely on the state-court proceeding itself. Plaintiff alleges that she was harmed by Defendants' conduct because "[the] investigative materials were relied upon by decision-makers in proceedings affecting Plaintiff's parental rights." SAC, ECF 30 ¶ 108. As mentioned above, the state court granted R.J.'s father sole custody and ordered that

Plaintiff's parenting time be discontinued. Del Rubin Decl., ECF 12, Exs. 2–3. Plaintiff's claims against Defendants Cardone and Walter in her FAC centered on Cardone's testimony at a state court hearing. *See* Order, ECF 27 at 10–12. All other allegations about the investigative materials affecting the state court proceedings are insufficient as "Plaintiff does not make specific factual allegations to support that the records were considered independent of the already barred-from-suit testimony, or considered at all." Reply, ECF 40 at 4.

The problem for Plaintiff is that this line of argument runs up against this Court's prior holding regarding absolute testimonial immunity. This Court previously held that Plaintiff's claims against Cardone and Walter were barred by the doctrine of absolute testimonial immunity. Order, ECF 27 at 12. So, that doctrine bars any allegations about the investigative record affecting the state-court proceeding through Cardone's testimony. Now, Plaintiff alleges that the investigative record *itself* is the basis of her claims, but at the same time, that those investigatory materials were improperly relied upon in a state court proceeding. Plaintiff cannot have it both ways: either she does not rely on the state-court proceedings and cannot allege a constitutional injury or she relies on the state-court proceedings and her claims are barred by the doctrine of absolute testimonial immunity. Plaintiff cannot plead around this Court's ruling regarding Cardone and Walter's testimonial immunity by recharacterizing her allegations. Either way, she does not state any claim for relief.

Lastly, Defendants ask this Court to dismiss this case with prejudice. MTD, ECF 35 at 2, 6; Reply, ECF 40 at 4. Dismissal with prejudice is appropriate when a court determines that the pleading could not possibly be cured by alleging additional facts. *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014). Plaintiff has already been granted one opportunity to amend after this

Court granted Defendants' Motion to Dismiss her First Amended Complaint. Order, ECF 27 at 14. At this juncture, this Court finds that any further leave to amend would be futile. Plaintiff's Second Amended Complaint repeats conclusory allegations about "inconsistencies, omissions, and reversals" in an investigative record. SAC, ECF 30 ¶ 76. But a caseworker omitting facts in a later-prepared investigatory document is not actionable, and Plaintiff does not plead any specific facts about how evidence was fabricated. Based on this Court's review of prior pleadings in the case, there are no apparent facts that could be "proved under the amendment to the pleadings that would constitute a valid and sufficient claim" against Defendants based on this child welfare investigation involving Plaintiff. *Sweaney v. Ada*, 119 F.3d 1385, 1393 (9th Cir. 1997). This Court will therefore dismiss without leave to amend and with prejudice.

**CONCLUSION**

Defendants' Motion to Dismiss, ECF 35, is GRANTED. Plaintiff's SAC, ECF 30, is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

DATED this 19th day of August, 2026.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge